**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| YOLANDA MCDOW, | ) | |
| ID # 37471-177, | ) | |
|        **Movant,** | ) | **No. 3:14-CV-1688-B (BH)** |
| vs. | ) | **No. 3:08-CR-0167-B (07)** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|        **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Writ of Mandamus* ("Mot."), received on May 6, 2014, should be liberally construed as a motion to vacate, set aside, or correct sentence and **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Yolanda McDow ("Movant"), is an inmate in the federal prison system. On July 23, 2009, pursuant to a plea agreement in Cause No. 3:08-CR-167-B, Movant pled guilty to conspiring to commit bank robbery and using and carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 371, 924(c)(1)(A)(i). (*See* docs. 214, 215).[1] On December 17, 2009, she was sentenced to a total term of 190 months of imprisonment, followed by a three-year term of supervised release. (doc. 293). Movant appealed her conviction, and the Fifth Circuit dismissed her appeal on October 26, 2010. *See United States v. McDow*, No. 09-11233 (5th Cir. Oct. 26, 2010). Movant did not file a petition for writ of certiorari with the United States Supreme Court, and she has not filed a motion to vacate her sentence under 28 U.S.C. § 2255.

---

[1] Unless otherwise indicated, all document numbers refer to the underlying criminal action.

## II.  NATURE OF SUIT

Although Movant filing is titled as a *Writ of Mandamus*, it states that she is "attempting to litigate a post conviction habeas action." (Mot. at 1).  It asserts that her plea agreement has been breached, and that her plea was involuntary. (Mot. at 6-13).  Section 2255 of Title 28 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted).  Challenges to a plea agreement are properly brought in a § 2255 motion, not a writ of mandamus. *See United States v. Huerta*, 515 Fed. App'x 266 (5th Cir. Feb. 25, 2013).  Movant's filing is therefore construed as a § 2255 motion that challenges her federal conviction and sentence.[2]

## III.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] In *Castro v. United States*, 540 U.S. 375, 383 (2003), the Supreme Court held that where a district court re-characterizes a filing by a *pro se* defendant as a first motion to vacate, set aside, or correct sentence,  the court "must notify . . . the litigant that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he has."  Here, because any future § 2255 motion would clearly be barred by the statute of limitations, the current filing is construed as a § 2255 motion without the formal *Castro* notice.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), Movant's conviction became final on January 24, 2011, when the ninety-day period for filing a certiorari petition with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  Movant does not allege that government action prevented her from filing a § 2255 petition earlier, and she has not alleged any newly recognized right.  Therefore, neither § 2255(f)(2) or (3) apply in this case.

Movant alleges that her plea agreement was breached and involuntary because on January 3, 2012, the Fifth Circuit overturned five of her co-defendants' convictions for attempted bank robbery, attempted armed robbery, and the use of firearms during the attempted robberies, on the basis of insufficient evidence to support the jury's verdict.  *See United States v. Duffey*, 456 Fed. App'x 434 (5th Cir. Jan. 3, 2012).[3]  Movant asserts that based on this opinion, her convictions are also supported by insufficient evidence.  (Mot. at 6-8, 11-13).  Assuming that the facts supporting her claims became available on the date that these convictions were overturned by the Fifth Circuit, the Fifth Circuit handed down its decision on direct appeal on January 3, 2012.  Because Movant did not file her § 2255 motion until over two years after this date, her motion to vacate is untimely in the absence of equitable tolling.

---

[3] Their remaining convictions for conspiracy to commit bank robbery, bank robbery, and firearm charges were affirmed on direct appeal.  *Duffey*, slip. op. at *1.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*,  130 S.Ct. 2549, 2562  (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that she diligently pursued her rights or that extraordinary circumstances prevented her from filing her motion to vacate earlier.  Because Movant has not met her burden to establish circumstances warranting equitable tolling, her motion to vacate should be denied as untimely.

## IV.  RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by

the statute of limitations and **DENY** it with prejudice.

   **SIGNED this 12th day of May, 2014.**

                                   _____
                                   IRMA CARRILLO RAMIREZ
                                   UNITED STATES MAGISTRATE JUDGE



**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                   _____
                                   IRMA CARRILLO RAMIREZ
                                   UNITED STATES MAGISTRATE JUDGE