**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| YOLANDA MCDOW, ) | | |
| ID # 37471-177, ) | | |
| Movant, ) | | No. 3:14-CV-1688-B (BH) |
| vs. ) | | No. 3:08-CR-0167-B (07) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Motion and Affidavit for Leave to Proceed In Forma Pauperis Pursuant to Title 28 U.S.C. 1915,* received June 6, 2014 (doc. 5). Based on the relevant filings and applicable law, the motion should be denied as premature.

**I.**

Movant, an inmate currently incarcerated in the Bureau of Prisons, filed a *Writ of Mandamus*, received on May 7, 2014 (doc. 3), challenging her federal conviction and sentence in Cause No. 3:08-CR-167-B. On May 12, 2014, the filing was construed as an untimely motion to vacate under 28 U.S.C. § 2255. (*See* doc. 4). The recommendation that the § 2255 motion be denied as barred by the relevant statute of limitations has not yet been adopted, and no final judgment has been entered in this case.

Movant seeks to proceed *in forma pauperis* (IFP) in an appeal from the district court's denial of her § 2255 motion. (*See* doc. 5). Pursuant to 42 U.S.C. § 1915(a), a prisoner may seek to appeal a judgment in an action to proceed without prepayment of fees by submitting an affidavit demonstrating an inability to pay the filing fee. Because no judgment has been entered, the motion to proceed IFP on appeal is premature.

## II.

Movant's application to proceed *in forma pauperis* on appeal should be denied because no final judgment has been entered in this case and the motion is therefore premature.

**SIGNED this 10th day of June, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE